**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

_____
                                    :
HARVEST B. SULTRY,                  :
                                    :          Civil Action
                                    :          No. 04-5193 (JBS)
        Petitioner,                 :
                                    :
     v.                             :          **O P I N I O N**
                                    :
C.J.DEROSA, et al.,                 :
                                    :
        Respondents.                :
_____:

**APPEARANCES:**

   HARVEST B. SULTRY, #15756-016, Petitioner pro se
   FCI Fort Dix (East) 5703
   Fort Dix, New Jersey  08640

   CHRISTOPHER J. CHRISTIE, United States Attorney
   J. Andrew Ruymann, Assistant United States Attorney
   Office of the U.S. Attorney
   402 East State Street, Room 430
   Trenton, New Jersey 08625
   Attorneys for Respondent

**SIMANDLE, DISTRICT JUDGE**

   Harvest B. Sultry ("Sultry"), a prisoner currently confined at the Federal Correctional Institution at Fort Dix, New Jersey ("FCI Fort Dix") brought this Petition challenging the legality of a detainer lodged against him and the alleged delay in providing him with a parole revocation hearing.  The State filed an Answer opposing the Petition, accompanied by exhibits.  For

the reasons expressed below, the Court will deny relief and dismiss the Petition.

## I.   BACKGROUND

After pleading guilty to distribution of cocaine base, Petitioner was on May 8, 1991 sentenced in the United States District Court for the District of Columbia to 210 months' imprisonment and three years supervised release.  (Pet., p.3; Answer, Statement of Facts)  His projected release date is February 28, 2006.  (Id.)

Prior to his 1991 plea and sentence, Petitioner had been sentenced on July 1, 1983 by the District of Columbia Superior Court to 6-18 years imprisonment for armed robbery.  (Id.)  In 1991, a parole violation warrant was lodged as a detainer against Petitioner while he was serving his federal sentence on the drug conviction.  (Id.)  Jurisdiction over Petitioner's parole violation with respect to his 1983 conviction subsequently was transferred to the United States Parole Commission pursuant to a change of federal law.  (Id.)  Respondents assert that after Petitioner serves his current sentence, the parole violation warrant lodged as a detainer will be executed, and Petitioner will receive a parole violation hearing.  (Id.)

At the time of his arrest, Petitioner was on parole from the 1983 state armed robbery conviction.  (Pet. Statement of Claim.)

He asserts that even though the D.C. Board of Parole knew of his arrest for the federal violation, the Board did not issue a parole violator warrant and lodge it as a detainer.  (Id.)  No detainer was lodged until May 11, 2000, by the United States Parole Commission, which, as described above, had succeeded to the D.C. Board's functions as indicated above. In effect, Petitioner argues that he was deprived of a parole revocation hearing with respect to his prior conviction for some 10 years. (Id., p.8.)  Petitioner also appears to argue that the warrant/detainer is unlawful because the U.S. Parole Commission allegedly did not comply with its own regulations; and that the Commission lacked authority because the District of Columbia Board of Parole did not issue a parole violation warrant during its existence.  (Compl.; Ans., p.7)

## II. DISCUSSION

A.  Jurisdiction

Section 2241 of Title 28 of the United States Code provides in relevant part:

> (a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions . . . .
>
> (c) The writ of habeas corpus shall not extend to a prisoner unless- . . . He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(a),(c)(3).

"Section 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." Coady v. Vaughn, 251 F.3d 480, 485-486 (3d Cir. 2001). A petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the district where the prisoner is confined provides a remedy "where petitioner challenges the effects of events 'subsequent' to his sentence." Gomori v. Arnold, 533 F.2d 871, 874 (3d Cir. 1976).

This Court has subject matter jurisdiction under § 2241 to consider the instant Petition because Sultry seeks not to vacate or correct his sentence, but to challenge the execution of the sentence based on the allegedly illegal detainer. See Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1991); 2 James S. Liebman & Randy Hertz, Federal Habeas Corpus Practice and Procedure § 41.2b (3rd ed. 1998).[1]

---

[1] See also, e.g., Rios v. Wiley, 201 F.3d 257, 270-71 (3d Cir. 2000) (where prisoner seeking habeas corpus relief challenges the effect of events subsequent to his sentence, habeas corpus remedy is appropriate rather than motion under 28 U.S.C. § 2255); Gambino v. Morris, 134 F.3d 156 (3d Cir. 1998) (challenging denial of federal parole); United States v. Kennedy, 851 F.2d 689, 691 & n.4 (3d Cir. 1988) (challenge to parole commission's recalculation of severity of federal offense requiring petitioner to serve full sentence); United States v. Grimes, 641 F.2d 96, 99-100 (3d Cir. 1981) ("a challenge to the sentence as executed by the prison and parole authorities . . . should be made on a petition for a writ of habeas corpus, 28

(continued...)

B.  Revocation Hearing After Lodgement of Detainer

Petitioner asserts that his constitutional rights were violated by the failure to afford him a prompt parole revocation hearing after the parole warrant was lodged against him during his federal imprisonment.  The United States Supreme Court has decided this issue against Petitioner.  See Moody v. Daggett, 429 U.S. 78 (1976)(no constitutional entitlement to immediate parole revocation hearing where a parole violator warrant was issued and lodged with the confining institution as a detainer).  The Court will, therefore, dismiss this claim.

C.  Procedural Due Process

Petitioner also claims that the United States Board of Parole violated its own regulations with respect to the timing of a determination of probable cause and a resulting revocation hearing.  (Compl. pp 3-5.)  See, e.g. 28 CFR 2.101(d)(determination of probable cause); 2.101(f).[2]  With

---

[1](...continued) U.S.C. § 2241, not under 28 U.S.C. § 2255 whose terms cover challenges to sentences as imposed"); Gomori v. Arnold, 533 F.2d 871, 874 (3d Cir. 1976) (challenging erroneous computation of release date); Soyka v. Alldredge, 481 F.2d 303 (3d Cir. 1973) (claim for credit for time served prior to federal sentencing).

[2] No other regulations compel a hearing before execution of the parol violation warrant, currently lodged as a detainer and unexecuted.  In any event, as discussed above, Petitioner has no constitutional right to a hearing upon lodgement of the warrant as a detainer.  See Moody v. Daggett, supra.

regard to the first two regulations, 28 CFR 2.101(a) provides as follows:

> § 2.101 Probable cause hearing and determination.
>
> (a) Hearing. <u>A parolee who is retaken and held in custody in the District of Columbia on a warrant issued by the Commission, and who has not been convicted of a new crime</u>, shall be given a probable cause hearing by an examiner of the Commission no later than five days from the date of such retaking. A parolee who is retaken and held in custody outside the District of Columbia, but within the Washington DC metropolitan area, and who has not been convicted of a new crime, shall be given a probable cause hearing by an examiner of the Commission within five days of the parolee's arrival at a facility where probable cause hearings are conducted...If the examiner finds probable cause, the examiner shall schedule a final revocation hearing to be held within 65 days of such parolee's arrest. [Emphasis added]

In addition, 28 CFR § 2.101(f) provides as follows:

> (f) A local revocation hearing shall be held <u>not later than sixty-five days from the retaking of the parolee on the parole violation warrant. An institutional revocation hearing shall be held within ninety days of the retaking of the parolee on the parole violation warrant</u>. If the parolee requests and receives any postponement, or consents to any postponement, or by his actions otherwise precludes the prompt completion of revocation proceedings in his case, the above-stated time limits shall be correspondingly extended.

The above regulation are applicable only once the prisoner is retaken into custody on the warrant. As Petitioner has not been taken into custody and the warrant, currently lodged as a detainer, is unexecuted, Petitioner's claim that the regulations have been violated also fails.

6

C.  <u>Issuance of Parole Violation Warrant</u>

Petitioner also appears to argue that the United States Parole Commission lacked the legal authority to issue a parole violation warrant and lodge it is a detainer because the predecessor D.C. Parole Board never issued a parole violation warrant. Even assuming <u>arguendo</u> that this claim raises a constitutional issue, it is clear from Respondents' pleading that such a warrant was in fact issued by the D.C. Board of Parole. <u>See</u> Answer; Ex. 3 and 4.  The Court also will deny this claim.[3]

### CONCLUSION

For the reasons stated above, the Court will deny relief and dismiss the Petition.

    s/ Jerome B. Simandle
        **JEROME B. SIMANDLE**
  **UNITED STATES DISTRICT JUDGE**

**DATED:  October 12, 2005**

---

[3]  Moreover, the provisions of the regulations that do not require a revocation hearing until Petitioner is taken into custody pursuant to an executed parole violation warrant are not unconstitutional in light of <u>Moody v. Daggett</u>, <u>supra</u>.  The Court also will deny this claim.